# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia, Plaintiff Below,**
**Respondent**

**vs) No. 14-0755** (Hampshire County 11-F-11 & 13-F-55)

**Robbie Ray Whetzel, Defendant Below,**
**Petitioner**

**FILED**

June 15, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Robbie Ray Whetzel, by counsel Lawrence E. Sherman Jr., appeals the Circuit Court of Hampshire County's June 13, 2014, sentencing order. The State, by counsel Shannon Frederick Kiser, filed a response. On appeal, petitioner alleges that the circuit court erred in proceeding to sentencing in light of alleged prosecutorial misconduct, his involuntary plea, and the ineffective assistance of his trial counsel.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2011, petitioner was indicted on one count of breaking and entering in violation of West Virginia Code § 61-3-12. However, before this charge was fully adjudicated, petitioner was indicted on the following additional eight counts: two counts of delivery of a controlled substance in violation of West Virginia Code § 60A-4-401(a); two counts of conspiracy to deliver a controlled substance in violation of West Virginia Code § 61-10-31; two counts of aiding and abetting the delivery of a controlled substance in violation of West Virginia Code § 60A-4-401(a); and two counts of possession of a controlled substance, oxycodone, in violation of West Virginia Code § 60A-4-401(c).

Prior to trial on either indictment, the parties reached a non-binding, oral agreement regarding petitioner's plea to all charges. Petitioner's counsel presented the terms of the plea agreement to the circuit court at a March of 2014 plea hearing. Petitioner indicated that he would request suspending all the felony sentences in favor of probation and the State would stand silent. However, during the plea hearing, the State claimed that it never agreed to remain silent. Following a bench conference and additional discussion between the parties, the parties then presented a modified plea agreement to the circuit court. The terms of that agreement were that the State would dismiss five counts from the eight-count indictment, and petitioner would plead guilty to all the remaining underlying crimes, including the misdemeanors, with the stipulation

1

that the sentences for convictions under the eight-count indictment run concurrent to one another and consecutive to the single-count indictment. The parties did not, however, present to the circuit court any term related to the State standing silent or recommending a sentence during the upcoming sentencing hearing. The circuit court then accepted the modified plea agreement.

In April of 2014, the circuit court ultimately sentenced petitioner to two terms of incarceration of one to fifteen years for his conviction of two counts of delivery of a controlled substance, a term of incarceration of one to fifteen years for his conviction of aiding and abetting the delivery of a controlled substance, and a term of incarceration of one to ten years for his conviction of breaking and entering. The circuit court ordered that petitioner's sentences for delivery of a controlled substance and aiding and abetting the same would run concurrently to one another but consecutively to his sentence for breaking and entering. After imposing sentence, the circuit court directed that petitioner be placed in a residential substance abuse treatment program called R-SAT at Pruntytown Correctional Facility. During the sentencing hearing, the State did not stand silent, and instead argued for a sentence differing from what petitioner's trial counsel requested.

In June of 2014, petitioner filed a motion for reconsideration, which the circuit court denied. Thereafter, petitioner's trial counsel informed the circuit court of a conflict in his representation and the circuit court appointed current appellate counsel to represent petitioner. Petitioner's new counsel then filed an amended and renewed motion for reconsideration in September of 2014. The motion cited petitioner's lack of understanding as to the plea agreement's terms and the State's failure to abide by the plea agreement. This motion included correspondence between petitioner's prior counsel and the State, as well as an affidavit from prior counsel. The circuit court held that motion in abeyance pending petitioner's completion of the R-SAT program. It is from this order that petitioner appeals.

Upon our review, we find that the circuit court did not err in proceeding to sentencing upon petitioner's guilty plea. In addressing allegations that the State breached a plea agreement, we have previously applied the following plain error standard of review:

> "To trigger application of the 'plain error' doctrine, there must be (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings.' Syl. pt. 7, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995)."

Syl. Pt. 2, *State v. Myers*, 204 W.Va. 449, 513 S.E.2d 676 (1998). Moreover, in regard to petitioner's allegation that he received ineffective assistance of trial counsel, we note that traditionally, an ineffective assistance of counsel claim is not cognizable on direct appeal because of the insufficiency of the record from the criminal trial.

> We have urged counsel repeatedly to think of the consequences of raising this issue on direct appeal. Claims that an attorney was ineffective involve inquiries into motivation behind an attorney's trial strategies. *See State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995). Without such facts trial counsel's alleged lapses or errors will be presumed tactical moves, flawed only in hindsight. What is more,

2

in the event a defendant pursues his claim on direct appeal and it is rejected, our decision will be binding on the circuit court through the law of the case doctrine, 'leaving [defendant] with the unenviable task of convincing the [circuit court] judge that he should disregard our previous ruling.' *U.S. v. South*, 28 F.3d 619, 629 (7th Cir.1994). That is why in *Miller* we suggested that a defendant who presents an ineffective assistance claim on direct appeal has little to gain and everything to lose.

*State ex rel. Daniel v. Legursky*, 195 W.Va. 314, 317 n.1, 465 S.E.2d 416, 419 n.1 (1995). As such, we decline to address petitioner's claims of ineffective assistance of counsel on direct appeal because the record is insufficient. This claim would more appropriately be raised in a petition for writ of habeas corpus.

As to petitioner's remaining allegations, we find no evidence to support prosecutorial misconduct or that petitioner's plea was involuntary. In support of his argument that his plea was involuntary, petitioner alleges that he was confused and ignorant as to the terms of the plea agreement. Our review of the record clearly shows initial confusion as to the terms of the plea agreement at the plea hearing, especially due to the fact that the agreement was never reduced to writing. However, an extensive discussion was undertaken to agree on specific terms, at which point the plea hearing resumed and petitioner agreed to the specific terms as set forth by the circuit court. In fact, once the circuit court set forth the specific terms of the agreement and the charges to which petitioner would plead guilty, petitioner affirmatively stated that he understood those terms and that the agreement, as stated by the circuit court, was correct. It was only after the circuit court clarified the terms of the agreement and petitioner acknowledged these terms were correct that the circuit court engaged petitioner in his plea colloquy and accepted his guilty plea.

Petitioner, however, claims that it wasn't until sentencing that the State breached the plea agreement by recommending a sentence as opposed to standing silent. According to petitioner, the State's agreement to stand silent was important in his acceptance of the plea agreement and he would not have accepted it otherwise. However, the Court finds that a requirement for the State to stand silent at sentencing was never established as a term of the plea agreement. In discussing plea agreements, we have stated that "[p]lea agreements are a form of contracts," but that "their unique nature requires ordinary contract principles to be supplemented with a concern that the bargaining and execution process does not violate the defendant's right to fundamental fairness under the due process clause." *Myers* at 458, 513 S.E.2d at 685. As such, we note that "'[a] meeting of the minds of the parties is a *sine qua non* of all contracts.' Syl. pt. 1, *Martin v. Ewing*, 112 W.Va. 332, 164 S.E. 859 (1932)." Syl. Pt. 2, *Triad Energy Corp. of W.Va., Inc. v. Renner*, 215 W.Va. 573, 600 S.E.2d 285 (2004). Here, it is clear that such a meeting of the minds in regard to the State's alleged agreement to stand silent at sentencing did not occur. In both petitioner's initial plea offer to the State and in the agreed conviction order, no mention is made of the State remaining silent at sentencing. In fact, the agreed conviction order contains recommendations from the State as to petitioner's potential sentence. As such, we cannot find that the plea agreement herein was breached.

Further, because petitioner alleges that his plea was involuntary because he was unaware the State would not stand silent, we also find no error. Simply put, petitioner had no reasonable expectation that the State would stand silent at sentencing such that we could find reversible error. Moreover, petitioner's claim of prosecutorial misconduct is based on an alleged willful breach of the plea agreement by the State. Again, since it is clear that the parties never reached an agreement whereby the State would stand silent at sentencing, we cannot find that the prosecuting attorney committed misconduct of any kind in recommending a sentence below.

For the foregoing reasons, the circuit court's June 13, 2014, sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: June 15, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Justice Robin Jean Davis